**FREDERICK M. CARROLL**
California State Bar No. 227628
424 "F" Street, Suite A
San Diego, CA  92101
Telephone: (619) 702-3251
Facsimile:  (619) 702-5415

Attorneys for Defendant
MELVIN LUE-LOPEZ

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (HONORABLE WILLIAM Q. HAYES)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>MELVIN LUE-LOPEZ,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.:   08CR2083-WQH<br><br>DATE:        SEPTEMBER 15, 2008<br>TIME:        2:00 P.M.<br><br>**NOTICE OF MOTION AND MOTIONS:**<br><br>1.      TO COMPEL DISCOVERY;<br>2.      LEAVE TO FILE ADDITIONAL<br>         MOTIONS. |

TO:    **KAREN P. HEWITT, UNITED STATES ATTORNEY FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND CARLA J. BRESSLER, ASSISTANT UNITED STATES ATTORNEY:**

PLEASE TAKE NOTICE that on the date and time indicated above, or as soon thereafter as counsel may be heard, the defendant, MELVIN LUE-LOPEZ, through his attorney Frederick M. Carroll, will bring the below listed motions.

///

///

///

///

///

///

08CR2083-WQH

## **MOTIONS**

The defendant, LUIS ENRIQUE SANCHEZ-GARCIA, through his counsel, Frederick M. Carroll, hereby moves this Court to:

        1)     COMPEL DISCOVERY;

        2)     GRANT LEAVE TO FILE ADDITIONAL MOTIONS.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and the memorandum of points and authorities, the records in the above-entitled cause, and any and all further matters that may be brought to the Court's attention in the hearing on these motions.

Respectfully submitted,

Dated: September 4, 2008           s/ Frederick M. Carroll
                           Frederick M. Carroll
                           Attorney for Defendant
                           MELVIN LUE-LOPEZ

**FREDERICK M. CARROLL**
California State Bar No. 227628
424 "F" Street, Suite A
San Diego, CA 92101
Telephone: (619) 702-3251
Facsimile: (619) 702-5415

Attorneys for Defendant
MELVIN LUE-LOPEZ

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (HONORABLE WILLIAM Q. HAYES)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>MELVIN LUE-LOPEZ,<br><br>            Defendant. | CASE NO.:    08CR2083-WQH<br><br>DATE:          SEPTEMBER 15, 2008<br>TIME:          2:00 P.M.<br><br>**POINTS AND AUTHORITIES**<br>**IN SUPPORT OF MOTIONS:**<br><br>1.      TO COMPEL DISCOVERY;<br>2.      LEAVE TO FILE ADDITIONAL<br>        MOTIONS. |

## STATEMENT OF THE CASE

In the instant case, defendant MELVIN LUE-LOPEZ (hereinafter "Mr. LUE-LOPEZ") is presently charged with a three count indictment of being a deported alien found in the United States, in violation of Title 8 United States Code Section 1325.

//

//

//

//

//

//

1

**POINTS AND AUTHORITIES**

2

**I.**

3

**MOTION TO COMPEL DISCOVERY**

4      Defense counsel has received some discovery in the instant case.  Therefore, in order to

5 preserve his record, defendant moves for the production by the government of the following items.

6 This request is not limited to those items that the prosecutor knows of, but rather includes all

7 discovery listed below that is in the custody, control, care, or knowledge of any "closely related

8 investigative [or other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir.), cert.

9 denied, 493 U.S. 858 (1989):

10      (1)  The Defendant's Statements  Under Fed. R. Crim. P. 16 (a)(1)(A) the defendant is

11 entitled to disclosure of all copies of any written or recorded statements made by the defendant; the

12 substance of any statements made by the defendant which the government intends to offer in

13 evidence at trial; any recorded testimony of the defendant before the grand jury; any response by the

14 defendant to interrogation; the substance of any oral statements which the government intends to

15 introduce at trial, and any written summaries of the defendant's oral statements contained in the

16 handwritten notes of the government agent; any response to any Miranda warnings which may have

17 been given to the defendant (see United States v. McElroy, 697 F.2d 459 (2d Cir. 1982)); and any

18 other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A).  The

19 Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the

20 Government must reveal **all** the defendant's statements, whether oral or written regardless of whether

21 the Government intends to introduce those statements;

22      (2)  Arrest Reports, Notes and Dispatch Tapes  The defendant also specifically requests that

23 all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding

24 his arrest or any questioning, if such reports have not already been produced in their entirety, be

25 turned over to him.  This request includes, but is not limited to, any rough notes, records, reports,

26 transcripts or other documents or audio/video recordings in which statements of the defendant or any

27 other discoverable material is contained.  This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A)

28 and Brady v. Maryland, 373 U.S. 83 (1963).  See also United States v. Johnson, 525 F.2d 999 (2d

1    Cir. 1975), <u>cert. denied</u>, 424 U.S. 920 (1976); <u>United States v. Lewis</u>, 511 F.2d 798 (D.C. Cir. 1975);

2    <u>United States v. Pilnick</u>, 267 F. Supp. 791 (S.D.N.Y. 1967); <u>Loux v. United States</u>, 389 F.2d 911

3    (9th Cir.), <u>cert. denied</u>, 393 U.S. 867 (1968).  Arrest reports, investigator's notes, memos from

4    arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the

5    defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(i);

6        (3)  <u>Reports of Scientific Tests or Examinations</u>  Pursuant to Fed. R. Crim. P. 16(D),

7    defendant requests the reports of all tests and examinations conducted upon the evidence in this case,

8    including but not limited to the scientific chemical testing done upon any drugs seized in this case

9    to determine if it is indeed the drugs the indictment alleges, and any fingerprint testing done upon

10   any evidence seized in this case, that is within the possession, custody, or control of the government,

11   the existence of which is known, or by the exercise of due diligence may become known, to the

12   attorney for the government, and which are material to the preparation of the defense or are intended

13   for use by the government as evidence in chief at the trial.

14       (4)  <u>Brady Material</u>  The defendant requests all documents, statements, agents' reports, and

15   tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility

16   of the government's case.  Impeachment as well as exculpatory evidence falls within <u>Brady's</u>

17   definition of evidence favorable to the accused.  <u>United States v. Bagley</u>, 473 U.S. 667 (1985);

18   <u>United States v. Agurs</u>, 427 U.S. 97 (1976);

19       (5)  <u>Any Information that May Result in a Lower Sentence under the United States</u>

20   <u>Sentencing Guidelines (U.S.S.G.)</u> As discussed above, this information is discoverable under <u>Brady</u>

21   <u>v. Maryland</u>, 373 U.S. 83 (1963).  This request includes any cooperation or attempted cooperation

22   by the defendant, as well as any information that could affect any base offense level or specific

23   offense characteristic under Chapter Two of the U.S.S.G.  Also  included in this request is any

24   information relevant to a Chapter Three adjustment, a determination of the defendant's criminal

25   history, or any other application of the U.S.S.G.;

26       (6)  <u>The Defendant's Prior Record</u>  Evidence of prior record is available under Fed. R. Crim.

27   P. 16(a)(1)(B);

28   ///

1    (7) <u>Any Proposed 404(b) Evidence</u>  Evidence of prior similar acts is discoverable under Fed.

2  R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b),

3  "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial

4  . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R.

5  Evid. 404(b) at trial.  The defendant requests that such notice be given three weeks prior to trial, or

6  as soon as possible in order to give the defense time to adequately investigate and prepare for trial;

7    (8) <u>Evidence Seized</u>  Evidence seized as a result of any search, either warrantless or with a

8  warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(C);

9    (9)  <u>Request for Preservation of Evidence</u>  The defendant specifically requests that all

10  dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the

11  possession, custody, or care of the government and which relate to the arrest or the events leading

12  to the arrest in this case be preserved.  This request includes, but is not limited to, any samples used

13  to run any scientific tests, any narcotics, and any evidence seized from any third party.  It is requested

14  that the government be ordered to <u>question</u> all the agencies and individuals involved in the

15  prosecution and investigation of this case to determine if such evidence exists, and if it does exist,

16  to inform those parties to preserve any such evidence;

17    (10)  <u>Tangible Objects</u>  The defendant requests, under Fed. R. Crim. P. 16(a)(2)(C), the

18  opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects,

19  including photographs, books, papers or documents of vehicles, buildings or places or copies of

20  portions thereof which are material to the defense or intended for use in the government's

21  case-in-chief, or were obtained from or belong to the defendant;

22    (11)  <u>Evidence of Bias or Motive to Lie</u>  The defendant requests any evidence that any

23  prospective government witness is biased or prejudiced against the defendant, or has a motive to

24  falsify or distort his or her testimony.  <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States</u>

25  <u>v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988), <u>cert. denied</u>, 489 U.S. 1032 (1989);

26    (12)  <u>Impeachment Evidence</u>  The defendant requests any evidence that any prospective

27  government witness has engaged in any criminal act, whether or not resulting in a conviction, and

28  whether any witness has made a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609

1   and 613. Such evidence is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). <u>See</u> <u>United</u>

2   <u>States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); <u>Thomas v. United States</u>, 343

3   F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility);

4        (13)   <u>Evidence of Criminal Investigation of Any Government Witness</u>   The defendant

5   requests any evidence that any prospective witness is under investigation by federal, state or local

6   authorities for any criminal conduct.  <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir.), <u>cert. denied</u>,

7   474 U.S. 945 (1985);

8        (14) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>

9   The defense requests any evidence, including any medical or psychiatric report or evaluation, tending

10   to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth

11   is impaired; and any evidence that a witness has ever used narcotics or other controlled substance,

12   or has ever been an alcoholic.  <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v.</u>

13   <u>North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980);

14        (15)  <u>Witness Addresses</u>  The defendant requests the name and last known address of each

15   prospective government witness. <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United</u>

16   <u>States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel

17   is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right

18   to talk to witnesses), <u>cert. denied</u>, 444 U.S. 1034 (1980).  The defendant also requests the name and

19   last known address of every witness to the crime or crimes charged (or any of the overt acts

20   committed in furtherance thereof) who will <u>not</u> be called as a government witness.  <u>United States</u>

21   <u>v. Cadet</u>, 727 F.2d 1453 (9th Cir. 1984);

22        (16)  <u>Name of Witnesses Favorable to the Defendant</u>  The defendant requests the name of

23   any witness who made an arguably favorable statement concerning the defendant or who could not

24   identify him or who was unsure of his identity, or participation in the crime charged.  <u>Jackson v.</u>

25   <u>Wainwright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 223 (4th Cir.

26   1980); <u>Jones v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir.), <u>cert. denied</u>, 439 U.S. 883 (1978); <u>Hudson v.</u>

27   <u>Blackburn</u>, 601 F.2d 785 (5th Cir. 1979), <u>cert. denied</u>, 444 U.S. 1086 (1980);

28   ///

1      (17) <u>Statements Relevant to the Defense</u>  The defendant requests disclosure of any statement

2  that may be "relevant to any possible defense or contention" that he might assert.  <u>United States v.</u>

3  <u>Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982);

4      (18) <u>Jencks Act Material</u>  The defense requests all material to which defendant is entitled

5  pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch

6  tapes.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness'

7  interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1).  <u>Campbell</u>

8  <u>v. United States</u>, 373 U.S. 487, 490-92 (1963).  In <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir.

9  1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the

10  interview the notes are then subject to the Jencks Act.  The defense requests pre-trial production of

11  <u>Jencks</u> material to expedite cross-examination and to avoid lengthy recesses during trial;

12      (19) <u>Giglio Information</u>  Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the

13  defendant requests all statements and/or promises, express or implied, made to any government

14  witnesses, in exchange for their testimony in this case, and all other information which could

15  arguably be used for the impeachment of any government witnesses;

16      (20) <u>Personnel Records of Government Officers Involved in the Arrest</u>  The defendant

17  requests all citizen complaints and other related internal affairs documents involving any of the law

18  enforcement officers who were involved in the investigation, arrest and interrogation of him,

19  pursuant to <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974).  Because of the sensitive nature

20  of these documents, defense counsel will not be able to procure them from any other source;

21      (21) <u>Government Examination of Law Enforcement Personnel Files</u>  Defendant requests

22  that the government examine the personnel files and any other files within its custody, care or

23  control, or which could be obtained by the government, for all testifying witnesses, including

24  testifying officers.  Defendant requests that these files be reviewed by the government attorney for

25  evidence of perjurious conduct or other like dishonesty, or any other material relevant to

26  impeachment, or any information that is exculpatory, pursuant to its duty under <u>United States v.</u>

27  <u>Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).  The obligation to examine files arises by virtue of the

28  defense making a demand for their review:  the Ninth Circuit in <u>Henthorn</u> remanded for <u>in camera</u>

1   review of the agents' files because the government failed to examine the files of agents who testified

2   at trial.  This Court should therefore order the government to review all such files for all testifying

3   witnesses and turn over any material relevant to impeachment or that is exculpatory to MR. LUE-

4   LOPEZ prior to trial.  MR. LUE-LOPEZ specifically requests that the prosecutor, not the law

5   enforcement officers, review the files in this case.  The duty to review the files, under <u>Henthorn</u>,

6   should be the prosecutor's and not the officers'.  Only the prosecutor has the legal knowledge and

7   ethical obligations to fully comply with this request.

8

9                                              **II.**

10                           **LEAVE TO FILE FURTHER MOTIONS**

11          MR. LUE-LOPEZ and defense counsel have received discovery in this case.  As more

12   information comes to light, due to the government providing discovery in response to these motions

13   or an order of this court, the defense may find it necessary to file further motions.  Defense counsel

14   therefore requests leave to file further motions based upon information gained through the discovery

15   process.

16

17                                    **<u>CONCLUSION</u>**

18          For the reasons stated above, defendant respectfully requests that this Court grant his motions

19   to compel discovery and to grant leave to file additional motions.

20

21   Dated: September 4, 2008                    Respectfully submitted,

22

23
                                        s/ Frederick M. Carroll
24                                      Frederick M. Carroll
                                        Attorney for Defendant
25                                      MELVIN LUE-LOPEZ

26

27

28

**CERTIFICATE OF SERVICE**

**U.S. v. Melvin Lue-Lopez**
**Case No. 08CR2083-WQH**

     Counsel for Defendant MELVIN LUE-LOPEZ hereby certifies that on this date copies of Defendant's Notice of Motion to Compel Discovery and Leave to File Additional Motions was served electronically upon the following attorney:

     AUSA, Carla J. Bressler

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 4, 2008, at San Diego, California.


                                    s/ Frederick M. Carroll
                                      Frederick M. Carroll